IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MAURICE A. FRYSON,
    Petitioner,

vs.                                                  Case No.: 4:04cv455/MMP/EMT

JAMES R. McDONOUGH,[1]
    Respondent.
_____/

### ORDER, REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1). Respondent filed an answer (Doc. 14).

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N. D. Fla. Loc. R. 72.2(b). After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a). It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.    BACKGROUND AND PROCEDURAL HISTORY

The procedural background of this case is undisputed by the parties. Petitioner was charged with two counts of armed robbery with a firearm; the robberies took place on June 25, 2001 and June 26, 2001 (Doc. 14, Ex. C at 16). Petitioner entered a plea of nolo contendere to the charges, and on October 20, 2003, he was sentenced to concurrent terms of fifteen years imprisonment on each charge pursuant to a written plea agreement (*id.*, Exs. A, B). Petitioner did not appeal the judgment,

---

[1]James R. McDonough succeeded James Crosby as Secretary for the Department of Corrections, and is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d)(1).

which then became final when the thirty days for filing an appeal expired on November 19, 2003. On March 16, 2004, Petitioner moved for postconviction relief pursuant to Fla. R. Crim. P. 3.850 in the Circuit Court for Leon County, Florida (*id.*, Ex. C). Petitioner's motion was denied without an evidentiary hearing on March 24, 2004 (*id.*, Ex. C at 19). Petitioner appealed to the Florida First District Court of Appeal (First DCA), and the appellate court affirmed per curiam without opinion on October 13, 2004, with the mandate issuing on November 9, 2004 (*id.*, Exs. D, E). Fryson v. State, 884 So. 2d 939 (Fla. 1st DCA October 13, 2004) (Table).

Petitioner filed the instant habeas action on November 8, 2004 (Doc. 1 at 6). Respondent concedes that Petitioner's action is timely and that Petitioner has exhausted his state court remedies (Doc. 14 at 3–5).

II.     STANDARD OF REVIEW

Section 2254(a) of Title 28 provides, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States." As the instant petition was filed after April 24, 1996, it is subject to the more deferential standard for federal habeas review of state court decisions under § 2254 as brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Pub. L. 104-132, § 104, 110 Stat. 1214, 1218–19.

Section 2254 now provides:

(d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (West Supp. 2001).

The United States Supreme Court explained the framework of review under § 2254(d)(1) in Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[2] The appropriate test in habeas cases was described by Justice O'Connor as follows:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13; Ramdass v. Angelone, 530 U.S. 156, 120 S. Ct. 2113, 2119–20, 147 L. Ed. 2d 125 (2000).

The Eleventh Circuit has developed a three-step process for applying the Williams test to any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a formal state court proceeding. *See* Wellington v. Moore, 314 F.3d 1256, 1260–61 (11thCir. 2002); Robinson v. Moore, 300 F.3d 1320, 1343-45 (11th Cir. 2002). First, the court must ascertain the controlling legal principles that are clearly established by the Supreme Court at the time of the state court adjudication. Wellington, 314 F.3d at 1260; Robinson, 300 F.3d at 1343. Second, the court must determine whether the state court adjudication was contrary to the clearly established Supreme Court law. Wellington, 314 F.3d at 1260, Robinson, 300 F.3d at 1344. "The 'contrary to' clause in § 2254(d)(1) 'suggests that the state court's decision must be substantially different' from the

---

[2]Unless otherwise noted, references to Williams are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–375, 390–399, 120 S. Ct. at 1499–1503, 1511–1516); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–413, 120 S. Ct. at 1518–1523). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

relevant Supreme Court precedent." Wellington, 314 F.3d at 1260 (quoting Fugate v. Head, 261 F.3d 1206, 1216 (11th Cir. 2001), *cert. denied*, 535 U.S. 1104, 122 S. Ct. 2310, 152 L. Ed. 2d 1065 (2002) (quoting Williams, 529 U.S. at 405)). "Although a state court's decision that 'applies a rule that contradicts' the governing Supreme Court law is 'contrary,' a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law." Wellington, 314 F.3d at 1260 (citing and quoting Williams, 529 U.S. at 404–06). If the state court applied the correct Supreme Court precedent, and the United States Supreme Court, faced with materially indistinguishable facts, has not reached a decision different from the decision reached by the state court in the petitioner's case, the case does not fit within the "contrary to" clause, and the federal habeas court must proceed to the third step and determine whether the state court "unreasonably applied the relevant Supreme Court authority." Fugate, 261 F.3d at 1216. Likewise, if the facts of the Supreme Court cases and the petitioner's case are not substantially similar, "a state court decision that applies 'the correct legal rule' based on Supreme Court law to the facts of the petitioner's case would not fit within the 'contrary to' clause even if the federal court might have reached a different result relying on the same law." *Id.* (citing and quoting Williams, 529 U.S. at 406). A state court is not required to cite Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002).

The standard for an unreasonable application inquiry is "whether the state court's application of clearly established federal law was objectively unreasonable." Williams, 529 U.S. at 410. The Supreme Court has explained that "a federal habeas court may not issue a writ under the unreasonable application clause 'simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" Bell v. Cone, 535 U.S. 685, 122 S. Ct. 1843, 1850, 152 L. Ed. 2d 914 (2002) (quoting Williams, 529 U.S. at 411). Indeed, "[t]he gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 123 S. Ct. 1166, 1175, 155 L. Ed. 2d 144 (2003). A state court's incorrect application of clearly established law will be held to be reasonable and not warrant a writ unless "thorough analysis by

a federal court produces a firm conviction that that [the state court] judgment is infected by constitutional error." Williams, 529 U.S. at 389. "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case by case determinations." Yarborough v. Alvarado, 541 U.S. 652, 124 S. Ct. 2140, 2149, 158 L. Ed. 2d 938 (2004) (citation omitted). Although § 2254(d)(1) is concerned only with federal law as clearly established by the Supreme Court, this court may look to circuit precedent to demonstrate reasonable applications of Supreme Court precedent. Van Poyck v. Fla. Dep't of Corrections, 290 F.3d 1318, 1322 n.4 (11th Cir. 2002).

In deciding whether a state court decision involved "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding" under § 2254(d)(2), determinations of fact are "presumed to be correct," unless the presumption is rebutted by Petitioner "by clear and convincing evidence." Section 2254(e)(1); *see* Miller-El v. Cockrell, 537 U.S. 322, 123 S. Ct. 1029, 1041, 154 L. Ed. 2d 931 (2003) ("Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2).") (dictum); Fugate, 261 F.3d at 1215 (quoting 28 U.S.C. § 2254(e)(1)); Parker v. Head, 244 F.3d 831, 835-36 (11th Cir. 2001) (citing § 2254(d)(2) and (e)(1)); *see also* Crawford v. Head, 311 F.3d 1288 (11th Cir. 2002) (explaining that the new statute provides a "highly deferential standard of review" of the state court's factual determinations). Thus, not only must the state court's factual determination have been unreasonable, but the court's factual findings must be shown unreasonable by clear and convincing evidence. *See* Callahan v. Campbell, 427 F.3d 897, 926 (11th Cir. 2005) (citing § 2254(e)(1); Rutherford v. Crosby, 385 F.3d 1300, 1308 (11th Cir. 2004) (concluding that "[petitioner] has not shown by clear and convincing evidence that the Florida Supreme Court's factual finding . . . [wa]s unreasonable in light of the evidence in the state court record")).

III.   PETITIONER'S CLAIMS

> Petitioner was denied effective assistance of counsel, because counsel failed to file a motion to dismiss the information charging Petitioner, where the information failed to allege one of the elements of the crime.

(Doc. 1 at 4).

Petitioner contends the information charging him with robbery "failed to allege that the taking was with the intent to permanently or temporarily deprive victim" of property, and because Petitioner's counsel failed to file a motion to dismiss the faulty information, Petitioner was denied effective assistance of counsel (*id.*).

1. Clearly Established Supreme Court Law

The standard for evaluating claims of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To obtain relief under Strickland, a petitioner must show (1) deficient performance by counsel and (2) a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. 466 U.S. at 687–88. "The petitioner's burden to prove, by a preponderance of the evidence, that counsel's performance was unreasonable is a heavy one." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006) (citing Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc)). If a petitioner fails to make a showing as to either performance or prejudice, he is not entitled to relief. Strickland, 466 U.S. at 697. Thus, this court need not address the prejudice prong if the court determines that the performance prong is not satisfied. Turner v. Crosby, 339 F.3d 1247, 1279 (11th Cir. 2003), *cert. denied*, 541 U.S. 1034, 124 S. Ct. 2104, 158 L. Ed. 2d 718 (2004); Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.") (citation omitted).

> Trying cases is no exact science. And as a result, we must never delude ourselves that the fair review of a trial lawyer's judgment and performance is an activity that calls for great precision or for a categorical approach. When reviewing whether an attorney is ineffective, courts "should always presume strongly that counsel's performance was reasonable and adequate." Atkins v. Singletary, 965 F. 2d 952, 958 (11th Cir. 1992). And, "a court should be highly deferential to those choices . . . that are arguably dictated by a reasonable trial strategy." Devier v. Zant, 3 F. 3d 1445, 1450 (11th Cir. 1993). Even if many reasonable lawyers would not

> have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds unless it can be shown that no reasonable lawyer, in the circumstances would have done so.

Rogers v. Zant, 13 F. 3d 384, 386 (11th Cir. 1994); Grayson v. Thompson, 257 F.3d 1194, 1216 (11th Cir. 2001) (to show counsel's performance was unreasonable, defendant must establish that no competent counsel would have taken the action that his counsel did take); Chandler, 218 F.3d at 1313 (issue is not what is possible, prudent, or appropriate, but what is constitutionally compelled) (citing Burger v. Kemp, 483 U.S. 776, 107 S. Ct. 3114, 3126, 97 L. Ed. 2d 638 (1987)).

However, not every strategic decision passes constitutional muster. Whether a particular decision by counsel was a tactical one is a question of fact, Hardwick v. Crosby, 320 F.3d 1127, 1163 (11th Cir. 2003), and the state court's resolution of that issue enjoys a strong presumption of correctness. *See* 28 U.S.C. § 2254(e)(1); Jackson v. Herring, 42 F.3d 1350, 1367 (11th Cir. 1995); Horton v. Zant, 941 F.2d 1449, 1462 (11th Cir. 1991). Whether a particular tactical decision was a reasonable one, however, is a question of law, Hardwick 320 F.3d at 1163; Jackson, 42 F.3d at 1367; Horton, 941 F.2d at 1462. In determining whether counsel's decision was reasonable, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689.

As to the prejudice prong of the Strickland standard, Petitioner's burden of demonstrating prejudice is high. Wellington, 314 F.3d at 1260. The Supreme Court has cautioned that "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Id.* (quoting Strickland, 466 U.S. at 693). However, the Court has also clarified that a petitioner need not demonstrate it 'more likely than not, or prove by a preponderance of evidence,' that counsel's errors affected the outcome. Strickland, 466 U.S. at 693–94. Instead,

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* at 694. Indeed, it would be "contrary to" the law clearly established in <u>Strickland</u> for a state court to reject an ineffectiveness claim for failing to prove prejudice by a preponderance of the evidence. <u>Williams v. Taylor</u>, 529 U.S. at 405–406.

The prejudice assessment does "not depend on the idiosyncracies of the particular decisionmaker," as the court should presume that the judge or jury acted according to law. <u>Strickland</u>, 466 U.S. at 694–95. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors. . . . [T]he ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.

*Id.* at 695–96.

    2. <u>Federal Review of State Court Decision</u>

Petitioner contends defense counsel should have filed a motion to dismiss the information charging Petitioner with two counts of armed robbery. Petitioner raised this claim in his Rule 3.850 motion (Doc. 14, Ex. C at 2–7). The trial court denied the motion, finding that the "allegations contained in the motion are legally insufficient and completely without merit" (*id.* at 19), and the trial court's decision was affirmed by the First DCA. Although the state court denial of Petitioner's claim provides no guidance to this court in determining the rationale for its decision, this court must still defer to the state court decision unless review of the record shows that decision to be unreasonable. *See* <u>Helton v. Secretary for Dept. of Corrections</u>, 233 F.3d 1322, 1326–27 (11th Cir. 2000); <u>Delgado v. Lewis</u>, 223 F.3d 976, 982 (9th Cir. 2000); <u>Hannon v. Cooper</u>, 109 F.3d 330, 335 (7th Cir. 1997).

Regarding the first prong of the Strickland analysis, Petitioner must show that no competent counsel would have taken the action that his counsel did take. Thus, the court must determine whether defense counsel had a meritorious basis for moving to dismiss the information. Failure to raise meritless arguments does not render counsel's assistance ineffective. Lockhart v. Fretwell, 506 U.S. 364, 382, 113 S. Ct. 838, 894, 122 L. Ed. 2d 180 (1993); United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000).

The information charges Petitioner with two counts of armed robbery (Doc. 14, Ex. C at 16):

> COUNT I: On June 25, 2001, [Petitioner] did unlawfully take United States currency, beer and cigarettes or other property from the person or custody of Travis Morris, and in the course of the taking used force, violence, assault, or putting in fear, and in the course of committing the robbery carried a firearm, contrary to Section 812.13(2)(a), Florida Statutes.
>
> COUNT II: On June 26, 2001, [Petitioner] did unlawfully take United States currency, beer and cigarettes or other property from the person or custody of Cindy L. Mowers, and in the course of the taking used force, violence, assault, or putting in fear, and in the course of committing the robbery carried a firearm, contrary to Section 812.13(2)(a), Florida Statutes.

(*id.*). Florida Statute § 812.13 defines armed robbery:

> (1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
>
> (2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree . . . .

Fla. Stat. §§ 812.13(1)–(2)(a). Essentially, Petitioner's argument is that the information failed to allege one of the elements of robbery, namely, that Petitioner had "intent to either permanently or temporarily deprive the person or the owner of the . . . property." Therefore, Petitioner contends that defense counsel should have moved to dismiss the information (at or before arraignment, pursuant to Fla. R. Crim. P. 3.190(c)).

The First DCA has previously held that an information charging a defendant with robbery and alleging "taken by force, violence, assault or putting in fear" is sufficient, even though the information failed to allege "intent to permanently deprive owner" of property. Kearse v. State, 464

So. 2d 202, 204 (Fla. 1st DCA 1985), *quashed in part on other grounds*, State v. Kearse, 491 So. 2d 1141 (Fla. 1986); *see also* Morris v. State, 428 So. 2d 700, 700 n.2 (Fla. 1st DCA 1983) ("The intent is involved in the averment of the completed act; the unlawful taking by force of the property of another. The term 'to take away by force' is equivalent in meaning to the term 'steals,' *see* Webster's Third New International Dictionary, unabridged. The word 'steal' sufficiently implies the intention to deprive the owner of his property.") (citing Green v. State, 414 So. 2d 1171 (Fla. 5th DCA 1982)). Petitioner's information, which alleged that Petitioner had taken property using force, was sufficient under Florida law, and defense counsel would not have had a meritorious basis for moving to dismiss the information. Therefore, Petitioner cannot show a deficient performance by counsel.

Even assuming that defense counsel should have moved to dismiss the information, Petitioner cannot show prejudice. There is no reasonable possibility that counsel's motion to dismiss the indictment would have changed the results of the proceeding. Assuming that defense counsel moved to dismiss the information at or before arraignment, pursuant to Fla. R. Crim. P. 3.190(c), and that the court granted counsel's motion, the court would have allowed the state the opportunity to correct and refile the information. *See* Fla. R. Crim. P. 3.190(e) ("If the motion to dismiss is sustained, the court may order that the defendant be held in custody or admitted to bail for a reasonable specified time pending the filing of a new indictment or information."); *see also id.* 3.140(j) ("An information on which the defendant is to be tried that charges an offense may be amended on the motion of the prosecuting attorney or defendant at any time prior to trial because of formal defects."). Once the state refiled the information with the missing language, Petitioner would have faced the same robbery charges, and there is no reasonable basis for believing the outcome would have been different.

Accordingly, Petitioner has failed to show that defense counsel had a meritorious basis for moving to dismiss the information. Moreover, if defense counsel had moved to dismiss the information, there is no reasonable possibility that the results of the proceeding would have been different. Therefore, Petitioner's ineffective assistance of counsel claim is without merit, and the state court did not contrarily or unreasonably apply clearly established Supreme Court law when it denied Petitioner's claim.

Based upon the foregoing, it is **ORDERED**:

The clerk of court is directed to change the docket to reflect that James R. McDonough is substituted for James V. Crosby, Jr. as Respondent.

And it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus (Doc. 1) be **DENIED**.

At Pensacola this 26th day of September 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**